IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES PARKER                                                                    PLAINTIFF

v.                              CIVIL NO. 08-1068

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, James Parker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on November 30, 2005, alleging an inability to work since February 21, 2003, due to sleep apnea, high blood pressure, shortness of breath, cramps in his legs and loss of consciousness.[1] (Tr. 19, 300-302). For DIB purposes, plaintiff maintained insured status through December 31, 2008. (Tr. 15, 422).

---

[1] Plaintiff, through his counsel, amended plaintiff's alleged onset date to October 28, 2005. (Tr. 424).

An administrative hearing was held on July 24, 2007, at which plaintiff appeared with counsel and testified. (Tr. 420-458). Plaintiff's wife also testified at this hearing. (Tr. 446).

By written decision dated March 15, 2008, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr.17). The ALJ determined plaintiff's severe impairments were as follows: sleep apnea, mild asthma and shortness of breath, headaches, reflux disease, gastritis, degenerative disc disease and borderline intellectual functioning. (Tr. 17). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform light work except no climbing of ladders; no jobs requiring balance; occasional lifting/carrying up to twenty pounds; needs a sit/stand option; can stand/walk for two hours during an eight-hour workday; can sit for six to eight hours during an eight-hour workday; no work around unrestricted heights; no operation of machinery such as a forklift, car, bus, or public transportation; no outside work; no temperature extremes; no fumes, chemicals, humidity, or dust; requires a simple unskilled or semiskilled job where plaintiff can follow, understand and remember concrete instructions with a SVP of 2 or 3; superficial contact with people, supervisors, and coworkers; could meet, greet, make change and give simple instructions. (Tr. 17-18). With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a routing clerk and an information clerk. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 19, 2008. (Tr. 7-9). Subsequently, plaintiff filed this action. (Doc.

1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 9,10).

II.     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Sequential Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ is also required to re-contact medical sources and may order consultative evaluations when the available evidence does not provide an adequate basis for determining the merits of the disability claim. *See* 20 C.F.R. §§ 416.912(e), 416.919a(b); *Coleman v. Astrue*

AO72A
(Rev. 8/82)

,498 F.3d 767, 771 (8th Cir. 2007). The ALJ's duty to develop the record extends even to cases like plaintiff's, where an attorney represented the claimant at the administrative hearing. *Id*. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities.

The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of light work with limitations as stated above, relied on the June 2, 2006, analysis performed by Dr. Ronald Crow, a non-examining medical consultant, stating he reviewed the evidence and found the January 31, 2006, finding, that plaintiff had no severe physical impairments to be correct. (Tr. 367-370). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

The lack of a true assessment of plaintiff's capabilities by an examining medical professional, taking in account all of plaintiff's impairments particularly plaintiff's obstructive sleep apnea, is troubling because the ALJ noted the medical records showing plaintiff was unable to tell Dr. David Davila how many hours he used the CPAP or BiPap machine (Tr. 365); however, the ALJ failed to address the numerous notations in the medical record of plaintiff's complaints that he was having difficulty using these machines. (Tr. 199-200, 203-204, 246, 251-253, 255, 258, 273, 279 ). The medical records show plaintiff was instructed to purchase a chin strap to help with the use of the machines and that plaintiff went out and purchased the chin strap which, as evidenced by the medical records, did not solve plaintiff's problems with the use of the machines. (Tr. 256). The medical records show plaintiff continually reported he had to use the oxygen prescribed to him as a back-up to the CPAP or BiPAP machines because he was

AO72A
(Rev. 8/82)

unable to tolerate the use of the machines. (Tr. 200, 203, 251, 253, 259, 366). The medical records show in October of 2003, plaintiff underwent a nasal septoplasty for nasal obstruction in order to help his obstructive sleep apnea but this procedure did not provide long term improvement. (Tr. 197, 261, 279). In 2004, Dr. Mitchell L. Collins, recommended plaintiff undergo jaw surgery to help treat plaintiff's sleep apnea. (Tr. 273). Plaintiff has not been able to undergo this second surgery due to financial constraints. (Tr. 279, 342). Plaintiff continuously complained of daytime drowsiness and the need to take naps to his treating physicians. (Tr. 248, 253, 255, 365). Plaintiff also reported he took daily naps in the paperwork he completed with his application for benefits and at the hearing before the ALJ. (Tr. 320, 323, 437). Even at the administrative hearing, the ALJ noted that he wanted to have the opinions of plaintiff's doctors to know how sleep apnea actually affected plaintiff's ability to work. (Tr. 457).

A review of the record shows there are no opinions from any medical professional taking into account how plaintiff's obstructive sleep apnea affects his ability to perform work during a typical eight-hour work day. Due to this lack of a medical assessment coupled with the evidence that plaintiff takes naps during the day every day, we do not find substantial evidence to support the ALJ's RFC determination and believe remand is necessary so that the ALJ can more fully and fairly develop the record.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff -- including Drs. Davila, Collins and Kerry Pennington – asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic

work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Specifically, these physicians should be ask to opine as to how plaintiff's sleep apnea affects his ability to work.

There is also some question as to limitations caused by plaintiff's shortness of breath and lung problems, specifically asbestosis. We encourage the ALJ to address interrogatories to Dr. J. Clyde Campbell requesting that Dr. Campbell complete a RFC assessment and to specifically address any limitations plaintiff has with regard to his lung impairments.

After obtaining the RFC assessments from plaintiff's treating and/or examining physicians, the ALJ is directed to specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE